United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bell Northern Research, LLC, Plaintiff, <br><br> v. <br><br> BLU Products, Inc., Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-23484-Civ-Scola <br> ) <br> ) <br> ) |

### Order Partially Staying Case

     In this patent case, Defendant BLU Products, Inc. seeks a stay pending resolution of Plaintiff Bell Northern Research, LLC's International Trade Commission complaint, involving two of the six patents asserted here. (Def.'s Mot. to Stay, ECF No. 8.) Bell Northern does not oppose the stay as to the patent claims common to both proceedings, but objects to a stay as to the other four claims in this case. (Pl.'s Resp., ECF No. 14.) BLU did not file a reply. After review, the Court **grants** BLU's motion, **in part**, with respect to the two infringement claims common to both actions, but **denies** it **in part**, regarding the four other claims in this case that are not before the ITC. (**ECF No. 8**.)

     Despite acknowledging that Bell Northern's complaint against BLU (and others) before the ITC and Bell Northern's complaint against BLU in this case share only two patent-infringement claims in common, BLU nonetheless seeks a stay of all proceedings before this Court. (Def.'s Mot. at 3.) BLU's request falls short as to the non-common claims.

     Upon the request of a party to a civil action who is also a respondent in an ITC investigation, the Court "shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the *same issues* involved in the proceeding before the Commission." 28 U.S.C.A. § 1659(a) (emphasis added). "The statutory language and legislative history of § 1659 establish that a stay is required only when parallel claims involve the same issues about the same patent." *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wis. 2008). BLU has not rebutted Bell Northern's submission that the technologies involved in the non-common district court patents are unrelated to the common-patent technologies at issue in the ITC proceeding. (Def.'s Resp. at 8.) And so, because it is undisputed that four of the patent-infringement claims in this case are not the same as any of the claims before the ITC, a mandatory stay as to those four claims would be inappropriate. Further, the Court notes that BLU has not sought a discretionary stay as to those non-common claims.

    Accordingly, the Court stays this action with respect to Bell Northern's infringement claims as to Patent Nos. 7,319,889 and 8,204,554 *only* (the two claims that are also pending before the ITC). Bell Northern's claims as to Patent Nos. 6,963,129; 6,858,930; 6,941,156; and 6,696,941 will proceed. The Court thus **grants in part and denies in part** BLU's motion (**ECF No. 8**).

    In the meantime, the Court orders Bell Northern to file status reports every **six months** as to the ITC proceedings, with the first one's falling due on **July 5, 2021**. Either party may move the Court to lift the partial stay upon a change in the proceedings before the ITC.

    **Done and ordered**, at Miami, Florida, on January 4, 2022.

_____
Robert N. Scola, Jr.
United States District Judge